## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

AL LUCKETT, JR. and
CULTURAL ASSETS II, LLC,

       Plaintiffs,

vs.                                                         No. CIV 98-1426 LH/LCS-ACE

SOTHEBY'S, INC.,

       Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendant's Motion to Strike Jury Demand *(Doc. 22)*, filed March 1, 1999, and Plaintiffs' Motion to Strike Affidavit of Shelley Fischer *(Doc. 34)*, filed May 25, 1999. The Court has reviewed the motions, the memoranda of the parties, and the relevant law. The Court finds that Plaintiffs' Motion to Strike Affidavit of Shelley Fischer is not well taken and will be denied. The Court finds that Defendant's Motion to Strike Jury Demand is well taken in part and will be granted in part.

## I.  Background

Plaintiff Cultural Assets II LLC ("Cultural Assets"), Defendant Sotheby's, Inc., and Sotheby's Financial Services, Inc. ("SFS") entered into a Loan and Consignment Agreement ("Agreement") on July 24, 1997. Paragraph 21 of the Agreement included the following provision:

You hereby waive trial by jury in any litigation in any court with respect to, in

1

> connection with, or arising out of this Agreement, or any instrument or document delivered pursuant to this Agreement, or the validity, protection, interpretation, collection or enforcement thereof, or any other claim or dispute howsoever arising, between you and Sotheby's or SFS.

This provision was located on page 16 of a seventeen-page long document, as the last sentence in a 33-line paragraph titled "Miscellaneous." Plaintiff Al Luckett, Jr. signed the Agreement as manager of Cultural Assets, and initialed each page of the Agreement. Shelley Fischer signed the Agreement on behalf of SFS.

Defendant alleges that it negotiated the Agreement, including the jury waiver provision, with Cultural Assets. In support of its position, Defendant points to the fact that the Agreement that was finally executed was modified in a few respects from a first draft that was submitted to Mr. Luckett on July 11, 1997, and claims that Cultural Assets was represented by an attorney, Fred Schwendimann, in connection with the negotiations. Defendant provided an affidavit of Ms. Fischer, in which Ms. Fischer claimed that she drafted the first draft of the Agreement and claimed to have personal knowledge of negotiations that allegedly took place.

Plaintiffs dispute that "negotiations" took place. Plaintiffs allege that Cultural Assets was unable to make any substantive changes in the Agreement, and that the Agreement was basically Sotheby's "form contract." Plaintiffs acknowledge that Luckett contacted Ellen Taubman of Sotheby's after receiving the July 11th draft and pointed out that the terms of the draft did not accurately reflect the agreement that was reached. As a result, Sotheby's and SFS revised the draft agreement, and also included a new "global reserve" provision that Luckett objected to. Sotheby's refused to remove the "global reserve" provision. Plaintiffs also point out that although their attorney reviewed the Agreement, he did not "negotiate" the agreement.

Plaintiffs also allege that Shelley Fischer's affidavit should be struck because Ms. Fischer does not have personal knowledge of any alleged negotiation of the Agreement. Plaintiffs point to several excerpts from Ms. Fischer's deposition testimony, in which she stated that she did not remember specific discussions or negotiations. Plaintiffs claim that these deposition excerpts indicate that either Ms. Fischer lacks sufficient personal knowledge to testify about the "negotiations," or Ms. Fischer's affidavit is intentionally misleading.

## II.  Motion to Strike Affidavit of Shelley Fisher

Federal Rule of Evidence 602 provides, in relevant part, that

A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony.

Ms. Fischer's Affidavit states that she "drafted the first draft of the Agreement and sent it to plaintiffs," that "there were negotiations between Sotheby's, SFS and plaintiffs concerning the Agreement," and that Mr. Schwendimann represented Plaintiffs "in connection with these negotiations." The Affidavit goes on to point out that Paragraph 6 of the Agreement was changed significantly from the first draft that she prepared.

Ms. Fischer has demonstrated sufficient personal knowledge to testify as to the matters contained in her affidavit. The portions of her deposition that Plaintiffs cite point out that she does not recall specific discussions or specific negotiations, but she does recall that there were discussions between July 11-24, 1997 and that those discussions resulted in changes to Paragraph 6 of the Agreement. As the individual who drafted the July 11, 1997 first draft and signed the

3

Agreement, I conclude that she has sufficient personal knowledge to make the very general statements contained in the Affidavit, and that her deposition testimony does not inherently contradict her Affidavit on the scope of her personal knowledge. The deposition testimony goes more to the weight of Ms. Fischer's affidavit testimony than its admissibility. Therefore, Plaintiffs' Motion to Strike Affidavit of Shelley Fischer will be denied.

### III.  Motion to Strike Jury Demand

The right to a trial by jury in federal cases is governed by federal, not state, law. *See Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir. 1988) (citing *Simler v. Conner*, 372 U.S. 221, 221-22 (1963)). It is well accepted that parties may waive their Seventh Amendment right to a jury trial by contract. *See id.* (citing *K.M.C. Co. v. Irving Trust Co.*, 757 F.2d 752, 755 (6th Cir. 1985)). However, the contractual waiver must be knowing and voluntary in order to be effective. *See Dreiling v. Peugeot Motors of America, Inc.*, 539 F. Supp. 402, 403 (D. Colo. 1982) (finding no voluntary waiver due to the disparity in bargaining power between an auto dealer and auto manufacturer).

In determining whether there was a knowing and voluntary waiver of the right to a jury trial, courts look to factors such as whether there was a gross disparity in bargaining power between the parties, conspicuousness of the waiver provision, whether the contract terms were negotiable, and the sophistication of the party opposing the waiver. *See Telum*, 859 F.2d at 837*; Oei v. Citibank, N.A.*, 957 F. Supp. 492, 523 (S.D.N.Y. 1997). Applying these factors to this case, I conclude that there was a knowing and voluntary waiver by Cultural Assets. There is no evidence here of the gross disparity in bargaining power that the *Dreiling* court found. Cultural

Assets was a prospective customer of Sotheby's who was free to take its business elsewhere. Plaintiff Luckett is a sophisticated businessman who hired an attorney to assist him in the transaction, and the attorney did, in fact, review one portion of the Agreement prior to signing. Although the parties did not enter into negotiations on the jury waiver provision, I find that the parties did negotiate the Agreement. Mr. Luckett requested that Sotheby's change paragraph 6 of its first draft to reflect his understanding of the Agreement, and Sotheby's did make the requested changes. Sotheby's also inserted a "global reserve" provision that Plaintiffs objected to, but Sotheby's refused to delete that provision. These are clearly "negotiations" that indicate the Agreement was not simply the "form contract" that Plaintiffs claim it to be. Finally, the jury waiver was not inconspicuous, but it was inserted in the same print as all other terms of the contract, and on a page that Luckett initialed to indicate that he had read the provision. I conclude that the waiver is valid.

However, the waiver only applies to Cultural Assets and not to Luckett. Jury waivers are narrowly construed. *See Paracor Finance, Inc. v. General Electric Capital Corp.*, 96 F.3d 1151, 1166 n.21 (9th Cir. 1996). The Agreement was between Cultural Assets and Sotheby's. There is no indication in the language of the waiver it would apply to Luckett personally. Jury waivers will not be construed to apply to those not a party to the agreement. *See Bennett v. Pippin*, 74 F.3d 578, 588 (5th Cir. 1996). *Cf. Paracor Finance*, 96 F.3d at 1166 (defendants who are not parties to a contractual jury waiver cannot assert the waiver). Therefore, Defendant Luckett is entitled to a jury trial as to any claims that he may raise personally.

**IV.  ORDER**

WHEREFORE, IT IS ORDERED that Plaintiffs' Motion to Strike Affidavit of Shelley Fischer *(Doc. 34)*, filed May 25, 1999, is **denied.**

IT IS FURTHER ORDERED that Defendant's Motion to Strike Jury Demand *(Doc. 22)*, filed March 1, 1999, is **granted in part**.  Plaintiff Cultural Assets II, LLC, shall not be entitled to a jury trial as to any claims.  Plaintiff Al Luckett, Jr. shall be entitled to a jury trial as to any claims that he brings on his own behalf.  Nothing in this Order shall be construed to preclude Judge Hansen or any other trial judge from employing an advisory jury on any claim triable to the Court.

**LESLIE C. SMITH**
United States Magistrate Judge

F:\aaMagistrateJudge\98-1426jury