IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AL LUCKETT, JR. and CULTURAL
ASSETS II, LLC,

       Plaintiffs,

    vs.                                                         No. CIV 98-1426 LH/LCS-ACE

SOTHEBY'S, INC.,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court for hearing on July 10, 2000, on Defendant's Motion for Summary Judgment on All Causes of Action (Docket No. 67), filed October 15, 1999. The Court, having considered the pleadings submitted by the parties, the arguments of counsel, and otherwise being fully advised, finds, for the reasons stated on the record and below, that the motion shall be **granted in part** and **denied in part.**

Plaintiff Luckett is dismissed for lack of standing.

Summary judgment is granted for the following:

        Second cause of action - Breach of Duty of Good Faith and Fair Dealing;

        Fourth cause of action - Negligent Misrepresentation;

        Fifth cause of action - Fraudulent Inducement;

>Seventh cause of action - Damage to Reputation of the Collection;

>Eighth cause of action - Damage to Reputation of Plaintiff Luckett;

>Ninth cause of action - Unfair Trade Practices.

Summary judgment is denied for the first cause of action - Breach of Contract. The breach of contract cause of action includes the claim for breach of an implied covenant of good faith. *See O'Hearn v. Bodyonics, Ltd.,* 22 F.Supp.2d 7, 11 (E.D. N.Y. 1998).

Defendant's motion for summary judgment on the third cause of action, breach of fiduciary duty, is based on two cases, neither of which dealt with the relationship between an auction house and a consignor. *See Layden v. Boccio,* 686 N.Y.S.2d 763 (N.Y. App. Div. 1998); *Ohearn v. Bodyonics, Ltd.,* 22 F.Supp.2d 7 (E.D. N.Y. 1998). Both of these cases state that a claim for breach of fiduciary duty, which is based on the same allegations contained in the breach of contract claim, should be dismissed when the defendant does not allege a breach of duty distinct from or in addition to the breach of contract. *Layden*, 686 N.Y.S.2d at 764; *Ohearn*, 22 F.Supp.2d at12-13.

Defendant's motion for summary judgment on the sixth cause of action, negligence, is also based on a case which does not deal with the relationship between an auction house and consignor. *Clark-Fitzpatrick, Inc. v. Long Island Rail Road Co.,* 521 N.Y.S.2d 653 (N.Y. 1987). *Clark-Fitzpatrick* states that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated. *Id.* at 656. This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract. *Id.* at 657.

*Cristallina S.A. v. Christie, Manson & Woods International, Inc.*, 502 N.Y.S.2d 165 (N.Y. App. Div. 1986), however, indicates that the relationship between an auction house and a consignor

is such that a consignor can maintain causes of action against an auction house for breach of fiduciary duty and negligence in addition to breach of contract. An auction house acts as an agent on behalf of the consignor and as such has a fiduciary duty to act in the utmost good faith and in the interest of the consignor. *Id.* at 171. An agent has an implied good faith obligation to use his best efforts to promote the principal's product. *Id.* at 172. *Cristallina* also states that an auctioneer is held to a standard of care commensurate with the special skill which is the norm in the locality for that kind of work. 502 N.Y.S.2d at 172. The *Cristallina* court held that the breach of contract, negligence and breach of fiduciary duty causes of action should not have been dismissed since sufficient evidence had been shown to present a factual question as to whether the auctioneer acted in a manner commensurate with its skill and expertise. *Id.*

Plaintiff has raised an issue of fact relating to the breach of fiduciary duty and negligence claims, i.e. Defendant's alleged failure to use its best efforts to promote the auction of Plaintiff's collection. The catalogue promoting the auction of Plaintiff's collection was initially scheduled to be delivered November 25, 1997, rescheduled to be delivered December 18, 1997, and in one case was not delivered until the first week of January. (Pl.'s Resp., Ex.s 15, 16, 21). The auction was held on January 15, 1998. (Pl.'s Resp., Ex. 30). A total of 180 catalog orders were received through December 1997. *Id.* Over 100 of the catalogues were mailed approximately a week before the auction. *Id.* Potential purchasers need about a month of advance time to obtain funding and acquisition approval. (Pl.'s Resp., Ex. 21).

Because Plaintiff has shown sufficient evidence to present a factual question as to whether Defendant acted in a manner commensurate with its skill and expertise, summary judgment will be denied for the third and sixth causes of action - Breach of Fiduciary Duty and Negligence.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Summary Judgment on All Causes of Action (Docket No. 67), filed October 15, 1999, is **granted in part** and **denied in part.**

_____
**UNITED STATES DISTRICT JUDGE**