FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN - 4 2001

CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CULTURAL ASSETS II, LLC,

Plaintiff,

98-Civ. 1426 LH/LCS-ACE

vs.

SOTHEBY'S, INC.,

Defendant.

**PLAINTIFF'S REQUESTED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

COMES NOW Plaintiff Cultural Assets II, LLC, and submits the following requested Findings of Fact and Conclusions of Law:

## PLAINTIFF'S REQUESTED FINDINGS OF FACT

1. The Proposal set forth the standards by which Defendant should have promoted and conducted the auction.

2. The auction estimates sent to Plaintiff by Defendant were conservative and represented the "worst case" anticipated scenario for sales of the Collection.

3. Defendant represented it would perform the undertakings set forth in the Proposal.

4. Defendant should have properly and competently performed the undertakings set forth in the Proposal.



5. Defendant failed to properly promote the auction.

6. Defendant failed to properly conduct the auction.

7. Defendant negligently promoted the auction.

8. Defendant negligently conducted the auction.

9. Defendant failed to properly time and stage an effective or meaningful vetting/educational symposium of the Collection.

10. Defendant failed to disseminate advance promotional packages to targeted collectors.

11. Defendant failed to deliver the appropriate energy, commitment and expertise to the marketing and auction of the Collection.

12. Defendant failed to truthfully and competently render opinions as to the value of the Collection.

13. Defendant failed to recommend appropriate reserves for the Collection.

14. Defendant failed to disclose to Plaintiff known or recognized risks regarding the auctionability and auction appeal of the Collection.

15. Defendant failed to disclose to Plaintiff internal doubts or disagreements over the auctionability and auction appeal of the Collection.

16. Defendant failed to warn Plaintiff of the risks of a failed or unsuccessful auction of the Collection.

17. Defendant failed to use its best efforts to market and promote the Collection.

18. Defendant failed to use its best efforts to publish and disseminate the auction catalogue.

19. Defendant negligently failed to produce the auction catalogue on a timely basis.

20. Defendant negligently failed to timely mail the auction catalogue to key targeted museums, institutions and collectors.

21. Defendant improperly reduced auction estimates without sufficient investigation or due diligence.

22. After Defendant agreed to auction Plaintiff's Collection, Defendant improperly undertook the sale of the Saxs Collection, a substantially larger collection, and improperly concentrated its efforts on the sale of the Saxs Collection.

23. Defendant failed to devote sufficient staffing and funding to the marketing and sale of the Collection.

24. Defendant improperly demanded and induced Plaintiff to lower previously established auction reserves and estimates.

25. Defendant improperly acted as pledge agent for Sotheby's financial services (SFS).

26. Defendant placed its own interests ahead of the interests of Plaintiff by wrongfully attempting to liquidate the Collection rather than to obtain the Collection's highest sales price at auction.

27. Defendant failed to properly educate the market place and potential auction purchasers concerning the Collection.

28. Defendant failed to educate its employees as to the particulars of the Collection, resulting in an inability for Defendant's employees to effectively discuss or promote the Collection.

29. Defendant improperly charged Plaintiff certain production costs for the catalogue and improperly charged Plaintiff a twenty percent (20%) surcharge on the costs of producing the catalogue.

30. As a result of Defendant's acts and omissions, the auction of the Collection was not successful.

31. As a result of Defendant's acts and omissions, many key targeted museums, institutions and collectors were not properly or timely informed of the auction or of the specific items within the Collection.

32. Defendant's lowering of the auction estimates resulted in a consequential lowering of the auction sales prices realized for the Collection.

33. Had the auction been properly promoted, marketed and conducted, the Collection would have sold for prices substantially in excess of those prices actually

realized at the auction.

34. Because of the sparse attendance at the auction, there was insufficient bidding competition for the Collection, resulting in reduced sale prices for the auction and resulting in certain items not selling at the auction.

35. As a result of Defendant's acts and omissions, certain Collection items were sold for less than their fair market value at the auction.

36. As a result of Defendant's acts and omissions, the auction failed to realize its full potential and failed to result in any significant "bonanza" or "break through" sales of key auction items, thereby depriving Plaintiff of legitimate sales expectations and causing Plaintiff damages and lost sales.

37. As a result of Defendant's acts and omissions, certain items of the Collection failed to sell at the auction and the value of those items were damaged.

38. Plaintiff suffered damages in excess of Three Million Dollars ($3,000,000) as a result of Defendant's acts and omissions.

39. Defendant's acts and omissions were willful, wanton and reckless, and in flagrant disregard of Defendant's duties to Plaintiff. In order to punish Defendant and to deter others from similar actions in the future, Plaintiff should be awarded punitive damages against Defendant.

## PLAINTIFF'S REQUESTED CONCLUSIONS OF LAW

1. Defendant breached the Loan and Consignment Agreement.

2. Defendant improperly charged Plaintiff for certain catalogue production costs and improperly imposed a twenty percent (20%) surcharge on the costs of producing the catalogue.

3. Defendant breached the implied covenant of good faith and fair dealing.

4. Defendant breached its fiduciary duty to Plaintiff.

5. Defendant negligently marketed and promoted the auction.

6. Defendant negligently failed to educate the market place as to the auction and to the Collection.

7. Defendant negligently conducted the auction.

8. Defendant failed to exercise the required standard of care and marketing and promoting the auction.

9. As a direct and proximate result of Defendant's acts and omissions, Plaintiff was damaged.

10. As a direct and proximate result of Plaintiff's acts and omissions, certain items at the auction were not sold and their value was damaged.

11. Plaintiff should be awarded actual damages against Defendant in an amount in excess of Three Million Dollars ($3,000,000).

12. Plaintiff should be awarded punitive damage against Defendant.

FELKER, ISH, RITCHIE & GEER, P.A.
Attorneys at Law
911 Old Pecos Trail
Santa Fe, New Mexico 87501
(505) 988-4483

By: ______________________
Randolph B. Felker, Esq.
Attorneys for Plaintiff

## CERTIFICATE OF MAILING

I, Randolph B. Felker, hereby certify that a copy of the foregoing document was telefaxed and mailed to Steven A. Reiss, Esq. and Ted Tsekerides, Esq., of WEIL, GOTSHAL & MANGES, LLP, 767 Fifth Avenue, New York, NY 10153-0119 and William S. Dixon, Esq. of RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A., P.O. Box 1888, Albuquerque, NM 87103 on this 4th day of January, 2001.

______________________
RANDOLPH B. FELKER

findings