

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
01 JAN 16 PM 2:54

AL LUCKETT, JR. and CULTURAL ASSETS II, LLC,

              Plaintiffs,

vs.

SOTHEBY'S, INC.,

              Defendant.

CIV. 98-1426 LH/LCS-ACE

## DEFENDANT'S PROPOSED CONCLUSIONS OF LAW WITH SUPPORTING AUTHORITY

Pursuant to the pretrial conference held before the Court on January 9, 2001, defendant Sotheby's, Inc. submits herewith its proposed conclusions of law.

### SOTHEBY'S PROPOSED CONCLUSIONS OF LAW

A. Under New York law, the merger clause in the Loan and Consignment Agreement, dated July 24, 1997 (the "Agreement"), is valid and enforceable. See Village of Canon v. Bankers Trust Co., 920 F. Supp. 520, 528 (S.D.N.Y. 1996) (holding under New York law that the merger clause is valid and enforceable).

B. The merger clause in the Agreement bars any reliance by plaintiff on any negotiations or communications, including the Proposal for the Sale of American Furniture and Decorative Arts from Spain's Northern Frontier (1700-1900) from the Collection of Mr. and Mrs. Al Luckett, Jr., dated July 11, 1997 (the "Proposal"), prior to the execution of the Agreement. See General Elec. Co. v. Compagnie Euralair, S.A., 945



NY1:\987821\04\L67H04!.DOC\66930.0183

F. Supp. 527, 535 (S.D.N.Y. 1996) (rejecting plaintiff's argument that it relied on a proposal where agreements contained merger clauses), aff'd, 164 F.3d 617 (2d Cir. 1998), cert. denied, 525 U.S. 1179 (1999); Potsdam Central Schools v. Honeywell, Inc., 501 N.Y.S.2d 535 (N.Y. App. Div. 1986) (rejecting plaintiff's argument that an understanding had been reached during negotiations that a document was to be incorporated into the written agreement which contained a merger clause); see also Phoenix Racing, Ltd. v. Lebanon Valley Auto Racing Corp., 53 F. Supp. 2d 199, 213 (N.D.N.Y. 1999) (holding that, "to the extent that Plaintiffs rely on extrinsic evidence of oral representations to vary or contradict the terms of the Agreement, their claim must fail"); Furey v. Guardian Life Ins. Co., 689 N.Y.S.2d 208, 208 (N.Y. App. Div.) (stating that "[i]t is well-settled that extrinsic evidence is inadmissible to vary the terms of an unambiguous contract which purports to express the parties' entire agreement"), leave to appeal denied, 93 N.Y.2d 811 (1999); NAB Construction Corp. v. Consolidated Edison Co. of New York, Inc., 636 N.Y.S.2d 37, 38 (N.Y. App. Div. 1995) (holding that evidence extrinsic to the agreement between the parties will not be employed to vary or add to the terms of the writing, especially where the contract contains a merger clause).

C. The Agreement embodies the entire agreement between plaintiff and defendant and can only be modified by a writing signed by all parties to the Agreement. See Opton Handler Gottlieb Feiler Landau & Hirsch v. Patel, 610 N.Y.S.2d 26, 27 (N.Y. App. Div. 1994) (oral modification barred by merger clause and no oral modification clause in contract).

D. As a matter of law, any alleged acts undertaken by Sotheby's that were expressly permitted by the Agreement cannot form the basis for a breach of fiduciary

duty, negligence, or breach of contract claim, including a claim for breach of the implied covenant of good faith and fair dealing. See, e.g., Greenwood v. Koven, 880 F. Supp. 186, 195 (S.D.N.Y. 1995) (rejecting plaintiff's breach of fiduciary duty claim where the agreement specifically provided auction house with the authority to undertake the conduct that plaintiff contended constituted a breach of fiduciary duty); Hartford Fire Ins. Co. v. Federated Dep't Stores, 723 F. Supp. 976 (S.D.N.Y. 1989) (dismissing plaintiff's breach of implied covenant of good faith and fair dealing claim where agreement specifically provided defendant with the authority to undertake the conduct that plaintiff contended constituted the breach); Reale v. Sotheby's, Inc., Nos. 2690N, 2690NA, 2000 WL 1868592, at *1 (N.Y. App. Div. Dec. 19, 2000) (affirming lower court's dismissal of plaintiff's breach of implied covenant of good faith and fair dealing claim where the agreement specifically provided auction house with the authority to undertake the conduct that plaintiff contended constituted the breach).

E. Because plaintiff cannot prove damages, its claims must be dismissed. See Richards v. Canine Eye Registration Found., Inc., 704 F.2d 1449, 1457 (9th Cir. 1983) (dismissing claim where "appellants failed to present competent evidence to prove damages"); see also Reale, 2000 WL 1868592, at *1 (affirming dismissal of claims due to "absence of any proof of any nonspeculative damages").

F. The Proposal does not set the standard of care to which Sotheby's is held. Rather, the standard of care to which Sotheby's is held and which the plaintiff must establish has been breached with respect to conduct not expressly governed by the Agreement is that "of similar agents in that locality." See Greenwood, 880 F. Supp. at 200. Cf. Cristallina S.A. v. Christie, Manson & Woods Int'l, Inc., 502 N.Y.S.2d 165, 172

(N.Y. App. Div. 1986) (holding that auctioneer is "held to a standard of care commensurate with the special skill which is the norm in the locality for that kind of work" and "is not required to guarantee the results of a sale or, for that matter, even predict the price that a particular item will bring . . . .").

Dated: January 16, 2001

            Respectfully submitted,

            RODEY, DICKASON, SLOAN,
             AKIN & ROBB, P.C.

            By: *William S. Dixon* (signature)
              William S. Dixon

            Albuquerque Plaza
            201 Third Street, N.W., Suite 2200
            Albuquerque, New Mexico 87103
            (505) 768-7266

              - and -

            WEIL, GOTSHAL & MANGES LLP
            767 Fifth Avenue
            New York, New York 10153
            (212) 310-8000

            ATTORNEYS FOR DEFENDANT
            SOTHEBY'S, INC.

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing document was served on the 16th day of January, 2001 upon Randolph B. Felker, Esq., Felker, Ish, Ritchie & Geer, P.A., 911 Old Pecos Trail, Sante Fe, New Mexico 87501, by Federal Express, an overnight delivery carrier, and by telecopier.

*William S. Dixon*
William S. Dixon